UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GABRIEL ALEJANDRO MEZA-FIGUEREDO,

               *Petitioner*,

– against –

PAM BONDI, *in her official capacity as U.S. Attorney General*, MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director, Enforcement and Removal Operations*, TODD M. LYONS, *in his official capacity as Acting Director, Immigration and Customs Enforcement*, MARKWAYNE MULLIN, *Acting Secretary of the U.S. Department of Homeland Security*,

               *Respondents*.

**MEMORANDUM & ORDER**
26-cv-01320 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On February 25, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner Gabriel Alejandro Meza-Figueredo. Verified Emergency Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 1, 20, ECF No. 1. Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 7; *see also* Resp'ts Letter dated Mar. 10, 2026 ("Response") 2, ECF No. 7. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2243. Pet. ¶¶ 1, 61–64.[1] For the reasons discussed below, the Petition is **GRANTED**.

---

[1] The Petition identifies Kristi Noem as the Secretary of the Department of Homeland Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "if the defendant in an official capacity suit leaves office, the successor to the office replaces the originally named defendant." *Watt v. City of New York*, 740 F. Supp. 3d 212, 232 (E.D.N.Y. 2024)

1

BACKGROUND

Petitioner is a native citizen of Venezuela who came to the United States on September 12, 2023. Pet. ¶¶ 12–13. Three days after he crossed the border without inspection, U.S. Customs and Border Patrol ("CBP") briefly detained petitioner and served him with a Notice to Appear, charging him as removable pursuant to 8 U.S.C. § 1182. *See* Pet. ¶ 14; *see also* Resp. 1.[2] ICE released petitioner on his own recognizance the same day. Pet. ¶ 14–15; Resp. 1. Petitioner moved to New York where he has "resided while pursuing protection from removal in immigration court proceedings." Pet. ¶ 16. Specifically, petitioner timely filed an application for asylum and for withholding of removal, alleging that he fears persecution in Venezuela based on his political opposition to the Venezuelan government. Pet. ¶¶ 17–18. Throughout his time in the United States, petitioner "has complied with all immigration reporting obligations and has maintained regular contact with immigration authorities." Pet. ¶ 19.

On February 25, 2026, petitioner was pulled over by police during a routine traffic stop. Pet. ¶ 20. Petitioner was then "taken into immigration custody" and detained by ICE. Pet. 20. Petitioner was transferred to the MDC, where he remains in respondents' custody. Pet. ¶ 21; Resp. 2.

On March 6, 2026, petitioner initiated the instant action by filing for a writ of habeas corpus from this Court under 28 U.S.C. §§ 2241, 2243. Pet. ¶¶ 1, 61, 64. The same

---

(citing Fed. R. Civ. P. 25(d)). Accordingly, the Court substitutes Kristi Noem with the above-listed defendant. *See Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 334 n.1 (E.D.N.Y. July 2, 2018). The Clerk of Court is respectfully directed to amend the caption of the case as above.

[2]  Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

day, the Court issued an order preserving its jurisdiction, and directing respondents to state the statutory provision(s) under which respondents assert the authority to detain petitioner, and to address whether the instant petition is controlled by the Court's prior opinions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026). Scheduling Order 2–3, ECF No. 4. Respondents filed a letter-response in lieu of a formal memorandum of law on March 10, 2026, which discussed the Court's prior decisions in *Crespo* and *Y-C-*. Resp. 3. Respondents stated that it is their position that petitioner's detention is subject to 8 U.S.C. § 1225(b)(2)(A). Resp. 2. Nevertheless, respondents explain that while they "disagree with the Court's decisions in *Crespo Tacuri* and *Y-C-*, they acknowledge that those decisions wound control the result in this case . . . as the facts of this case are materially indistinguishable[.]" Resp. 3.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[3]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other things, that he is being detained in violation of the INA and the Due Process Clause of the Fifth Amendment.[4] Pet. ¶¶ 23–27, 31–34. The government's response does not meaningfully dispute these assertions aside from "rely[ing] upon, and incorporat[ing] by reference, the legal arguments presented by the Government in *Crespo Tacuri* and *Y-C-*," Resp. 3, and by noting that its position has been adopted and affirmed by courts within the Second and Fifth Circuits, Resp. 3 n.3.[5]

---

[4] The Court does not reach petitioner's claims arising under the Administrative Procedure Act, the Equal Protection Clause, or his "statutory right to seek asylum." *See* Pet. ¶¶ 28–30, 35–37, 40–43.

[5] Respondents also "respectfully disagree that the prior release of petitioner under Section 1226 is controlling." Resp. 2 n.2. It's unclear whether respondents argue that *this* petitioner's prior release by ICE when he crossed the border in 2023 does not control the outcome here, Resp. 2, or whether they argue that *any* individual's prior release by ICE does not control the determination of which INA provision a subsequent detention is made pursuant to because "if one presidential administration fails to enforce a statute, the next administration can[] enforce it . . . [if] the statute clearly applies," Resp. 2 n.2 (quoting *Xiaoquan Chen v. Almodovar*, No. 25-cv-08350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025)). In any event, neither argument alters the outcome here because, as to the former, the Court does not—and in its previous decisions, did not—rely upon a petitioner's prior release on recognizance pursuant to Section 1226 in reaching its conclusion that Section 1225(b)(2)(A) "does not reach someone who has been residing in the United States," because the plain statutory language applies to "individuals seeking admission," i.e., "noncitizens actively attempting to enter the United States lawfully at its port of entry." *Crespo*, 2026 WL 35569, at *4–6; *see also id.* at *6 (rejecting respondents' attempt to

4

Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y-C-*, which are incorporated here by reference,[6] the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment. *See Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *Terrero*, No. 26-cv-00869 (E.D.N.Y. Mar. 4, 2026), ECF No. 19; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

---

distinguish between individuals who are apprehended and released on their own recognizance and explaining that it is not "a relevant difference[,] [a]n individual who has been within the United States for nearly 30 years cannot be treated as if stopped at the border simply because he was not previously released on his own recognizance"). And as to the latter, this Court previously explained that its "prior decisions did not rest on how previous administrations sought to enforce the INA." *Zapeta-Vicente v. Bondi*, No. 26-cv-01272 (E.D.N.Y. Mar. 6, 2026), ECF No. 6 at 4 n.6.

[6] For this reason, and for the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing before this Court in *Crespo Tacuri* and *Y- C-*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

Respondents are directed to release petitioner from custody within 24 hours of this Order and to file a letter on the docket no later than 5:00 p.m. on March 11, 2026 certifying their compliance. For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of the [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's March 13, 2026 deadline to file a reply and the hearing scheduled for March 16, 2026 are hereby adjourned sine die.

Should petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                             /s/ Natasha C. Merle
                                             NATASHA C. MERLE
                                             United States District Judge

Dated:      March 10, 2026
               Brooklyn, New York